UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
WAYNE FRANCIS GOODRICH, fdba
MOBILITY OPTIONS INC, dba MOBILITY
OPTIONS OF LANSING and
RICHELLE RENEE GOODRICH,
        Debtors,
_____/

KELLY M. HAGEN,
        Plaintiff,

                                      No. 1:08-cv-1235

-v-

                                      HONORABLE PAUL L. MALONEY

SHAUN SIRBAUGH,
        Defendant.
_____/

ORDER ADOPTING REPORT AND RECOMMENDATION WITHOUT OBJECTIONS

        This matter comes before the Court on Report and Recommendation (Dkt. No. 1) filed by the Honorable Scott W. Dales, United States Bankruptcy Judge.

        On September 25, 2008, Plaintiff Hagan, a bankruptcy trustee, filed a complaint in the United States Bankruptcy Court for the Western District of Michigan. The complaint alleged Defendant Sirbaugh owed $18,155.39 to the Debtors, Wayne and Richelle Goodrich fdba Mobility Options dba Mobility Options of Lansing for advances on commissions and other assets. The complaint further alleged the account had matured, payment had been demanded, and that Defendant had failed to turn over the account or provide an accounting. The complaint was assigned Bankruptcy Case No. 07-02340 and Adversary Proceedings 08-80379. Defendant failed to answer or otherwise respond to the complaint and the default was entered against him. Plaintiff Hagan then filed a motion for default judgment.

On December 31, 2008, Judge Dales issued his Report and Recommendation with the following conclusions: (1) although styled as a claim for property turnover under 11 U.S.C. § 542, the complaint actually sought to liquidate a contract claim based on state-created rights formerly held by the Debtors, but now included with the property of an estate under 11 U.S.C. § 541; (2) Plaintiff's claim fell outside the "core" jurisdiction of the bankruptcy court; (3) without the consent of the parties, the claim may not be adjudicated by a non-Article III judge; and (4) the bankruptcy court lacks jurisdiction to enter a final judgment in this situation.  Judge Dales recommends granting the motion for default judgment.

The bankruptcy judges may not enter a final order or judgment with respect to non-core proceedings and must instead submit proposed findings of fact and conclusions of law which the district court then reviews *de novo.*  28 U.S.C. § 157(c)(1).  The Court looks for guidance in this situation to precedents governing Reports and Recommendations issued by federal magistrate judges.  *Hagan v. Okony*, No. 1:08-cv-732, 2008 WL 4722747 (W.D. Mich. Oct. 22, 2008) (Maloney, C.J.).  The similarities between the Federal Magistrate's Act, 28 U.S.C. § 636, and the Bankruptcy Code and Bankruptcy Rules provisions governing Reports and Recommendations justify turning to such precedents.  *See In re Auto Specialties Mfg. Co.*, 153 B.R. 503, 505 (W.D. Mich. 1993) (Bell, J.)

Under the Federal Magistrate's Act, after being served with a Report and Recommendation, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1)(C).  Only those objections that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)

(per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Even though no review is required, the Court finds the findings, reasoning and recommendations in Judge Dale's Report and Recommendation sound. The Trustee is entitled to default judgment against Defendant Sirbaugh.

Having reviewed the Report and Recommendation and having received no objections by Defendant Sirbaugh, the Court **ADOPTS** the December 31, 2008 Report and Recommendation (Dkt. No. 1).

The reference of the trustee's complaint against the defendant to the U.S. Bankruptcy Court is **WITHDRAWN.**

The Clerk of the Court **SHALL ENTER DEFAULT JUDGMENT** against Defendant Sirbaugh in the amount of $18,155.39, plus costs in the amount of $250 which represents the filing fee in this matter.

**THIS ACTION IS TERMINATED.**

**IT IS SO ORDERED.**

Date:   February 9, 2009                                                          /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     Chief United States District Judge